HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARSHALL WARNER,

     Plaintiff,

          v.

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY,

     Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

NO. 2:16-cv-01056-RAJ

ORDER

    This matter comes before the Court on Plaintiff's Motion to Compel
Discovery.  Dkt. # 15.  Defendant opposes the Motion.  Dkt. # 16.  For the
reasons that follow, the Court **GRANTS in part and DENIES in part** the
Motion.

ORDER- 1

## I.   BACKGROUND

This discovery dispute arises from Defendant's failure to timely respond to Plaintiff's discovery requests.  Briefly, Plaintiff served Defendant with discovery requests on October 7, 2016.  Dkt. # 15 at p. 3.  Defendant requested a three-week extension to respond to which Plaintiff agreed.  Dkt. # 15-7.  The parties' counsel communicated over the course of the next few months in an attempt to resolve the matter without court intervention.  However, Plaintiff continued to remind Defendant that if the parties were not actively and informally resolving the case, then Plaintiff needed Defendant's responses to prepare for mediation and court-ordered deadlines.  *See* Dkt. ## 15-3 at p. 2, 15-5 at p. 2, 15-8 at p. 2, 15-10 at p. 2, 15-11 at p. 2, 17-17 at p. 2.  Though Defendant claims there was an unwritten agreement to indefinitely delay discovery, Defendant's counsel cannot "declare under oath with any certainty" that this is truly the case.  Dkt. # 17 at ¶ 2. Defendant responded to discovery after Plaintiff filed this motion to compel.  Dkt. # 18-2.

## II.   LEGAL STANDARD

The Court has broad discretion to control discovery.  *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011).  That discretion is guided by several principles.  Most importantly, the scope of discovery is broad.  A party must respond to any discovery request that is not privileged and that is "reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  The Court, however, must limit discovery where it can be obtained from some other source that is more convenient, less burdensome, or less expensive, or where its "burden or expense . . . outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties'

ORDER-2

resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving these issues." Fed. R. Civ. P. 26(b)(2)(C)(i), (iii).

Pursuant to Rule 37(a)(5)(A), if a motion to compel is granted, or if requested discovery is provided after the motion is filed, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." But the Court is precluded from awarding expenses if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

## III.    DISCUSSION

Defendant has provided Plaintiff with the requested discovery responses. Therefore, the issues before the Court are 1) whether the Court should award Plaintiff reasonable attorney's fees and 2) whether Defendant has waived its objections to Plaintiff's discovery requests.

The first inquiry is relatively simple. Rule 37(a)(5)(A) requires the Court to award Plaintiff reasonable attorney's fees in this situation barring any violations listed in the Rule's subparts. *See* Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). To be sure, the Court finds that Plaintiff attempted in good faith to obtain the discovery. Moreover, the Court finds that Defendant failed to justify its nondisclosure in light of Plaintiff's continued efforts to emphasize its need for responses should this case proceed to mediation or within the bounds of this Court's scheduling order. The Court finds no reason that awarding fees is unjust, and therefore the Court **GRANTS** Plaintiff's request for reasonable attorney's fees.

ORDER-3

Plaintiff further requests that the Court bar Defendant from objecting to any of the discovery requests, including on the basis that certain responses contain privileged information. However, the Court is afforded broad discretion to control discovery, and Plaintiff offers no authority suggesting that the Court <u>must</u> reject Defendant's objections. The Court finds the facts of this matter to be distinguishable from the cases Plaintiff cites in his motion. *See*, *e.g.*, *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468 (9th Cir. 1992) (in a wholly different procedural posture than the case at hand, the appellant refused to comply with discovery orders because it thought that China's State Secrecy Laws prevented it from doing so.) Though the Court will not reject Defendant's objections, the Court requires Defendant to provide Plaintiff with a privilege log, as well as a log of any other responses that it did not provide on the basis of some objection. If Defendant has not already done so, it must produce these logs to Plaintiff no later than seven (7) days from the date of this Order.

Finally, the Court appreciates when parties are able to settle matters without the Court's intervention, even when those settlement efforts take an informal tone. With that said, it appears that Plaintiff is not willing to move forward in an informal manner, and if Defendant were not already on notice of this arrangement, it surely is on notice now. The Court expects the parties to continue to work together and to also remain vigilant in meeting the deadlines ordered by this Court and the Federal Rules of Civil Procedure.

## IV.    CONCLUSION

For all the foregoing reasons, the Court **GRANTS in part and DENIES in part** Plaintiff's Motion. Dkt. # 15. The Court **GRANTS** Plaintiff's request for reasonable attorney's fees. The Court **DENIES** Plaintiff's request to reject Defendant's objections to Plaintiff's discovery requests. The Court **ORDERS**

ORDER-4

Defendant to provide Plaintiff with logs within seven (7) days from the date of this Order detailing which responses were withheld based on privilege or any other objection.

Dated this 24th day of February, 2017.

The Honorable Richard A. Jones
United States District Judge

ORDER-5